Filed 10/10/23  In re Lilly R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| In re LILLY R., A Person Coming Under the Juvenile Court Law. | B315074 |
|  | (Los Angeles County Super. Ct. No. 21CCJP00722A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>FAIZAH S.,<br><br>        Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County.  Pete R. Navarro, Juvenile Court Referee.  Dismissed.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

————————————

**INTRODUCTION**

Faizah S., mother of infant Lilly R., appeals from the juvenile court's jurisdiction findings and disposition order declaring Lilly a dependent child of the court, removing her from Faizah, and placing Lilly with her father, Pedro R., with monitored visits by Faizah. The juvenile court sustained a petition under Welfare and Institutions Code section 360, subdivision (c),[1] assuming jurisdiction based on a previously sustained petition under former section 300, subdivision (b)(1), and proceeding to a new disposition hearing at which the court issued the challenged orders.

While this appeal was pending, the juvenile court held a review hearing under section 364 and terminated its jurisdiction with orders awarding Pedro sole custody of Lilly and requiring Faizah's visits with Lilly to be monitored. Faizah separately appealed from these orders terminating jurisdiction and determining custody and visitation (exit orders).[2] This court

————————————

[1]    Further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]    "When terminating its jurisdiction over a child who has been declared a dependent child of the court, section 362.4 authorizes the juvenile court to issue a custody and visitation

2

subsequently dismissed Faizah's appeal from the exit orders after her counsel filed a no-merit brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835, and Faizah did not file a supplemental brief raising issues for our consideration. (See *In re Lilly R.*, (July 27, 2023), B322321.)

Because we cannot provide Faizah any effective relief—that is, relief that "can have a practical, tangible impact on the parties' conduct or legal status" (*In re D.P.* (2023) 14 Cal.5th 266, 277)—we conclude her appeal is moot. In addition, we invited the parties to file briefs addressing whether we should exercise our discretion to consider the merits of this moot appeal under *In re D.P.* Neither party filed a response. Accordingly, we decline to exercise our discretion to consider Faizah's moot appeal on its merits and dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Faizah and Pedro are Lilly's parents. Lilly was born in February 2021.

Two days later the Los Angeles County Department of Children and Family Services (Department) received a referral reporting that, while at the hospital for Lilly's birth, Faizah tested positive for methamphetamine on two separate tests administered 12 hours apart. Lilly's toxicology screen was negative, and she had no medical issues. Faizah admitted past

---

order (commonly referred to as an 'exit order') that will become part of the relevant family law file and remain in effect in the family law action 'until modified or terminated by a subsequent order.'" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513.)

use of methamphetamine but denied using any drugs during her pregnancy.

On February 17, 2021 the Department filed a petition on Lilly's behalf under former section 300, subdivision (b)(1), for Faizah's alleged substance abuse and Pedro's alleged failure to protect.[3]  The petition was subsequently amended to remove the count pertaining to Pedro.

On April 5, 2021 the juvenile court sustained the amended petition and found Lilly to be a person described by former section 300, subdivision (b)(1), based upon Faizah's substance abuse.  The count sustained by the court stated:  "The child Lilly

---

[3]    Former section 300, subdivision (b)(1), provided, in relevant part, that a child comes within the jurisdiction of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of the child's parent or guardian to adequately supervise or protect the child, . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse."  Effective January 1, 2023, Senate Bill No. 1085 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 832, § 1) amended section 300, subdivision (b)(1), by enumerating the existing bases for dependency jurisdiction in separate subparagraphs (b)(1)(A) through (D).  The legislation also added section 300, subdivision (b)(2), which now provides, "A child shall not be found to be a person described by this subdivision solely due to any of the following:
[¶]  (A)  Homelessness or the lack of an emergency shelter for the family.  [¶]  (B) The failure of the child's parent or alleged parent to seek court orders for custody of the child.  [¶]  (C)  Indigence or other conditions of financial difficulty, including, but not limited to, poverty, the inability to provide or obtain clothing, home or property repair, or childcare."

4

R[.]'s mother, F[.]S[.] has a history of substance abuse including, amphetamine and methamphetamine and is a current abuser of methamphetamine and amphetamine, which renders the mother incapable of providing regular care of the child. On 02/11/2021, the mother had a positive toxicology screen for amphetamine. The mother used methamphetamine and amphetamine during the mother's pregnancy of the child. The child is of such young age requiring constant care and supervision and the mother's substance abuse interferes with the mother providing regular care and supervision of the child. Such substance abuse by the mother, endangers the child's physical health and safety and places the child at risk of serious physical harm and damage."

On April 21, 2021 the juvenile court held the disposition hearing. The court found Lilly was a person described by former section 300 and terminated its jurisdiction with an order for the parents to participate in a period of Department supervision.[4] The court terminated the case because it found no nexus between concerns of Faizah's drug use and Lilly's safety. The court ordered Lilly released to Faizah and Pedro under the supervision of the Department. Both parents agreed to a voluntary family maintenance services contract, in which Faizah agreed to participate in drug testing, a substance abuse program, and parenting and family preservation services.

---

[4]    Section 360, subdivision (b), provides that "[i]f the court finds that the child is a person described by Section 300, it may, without adjudicating the child a dependent child of the court, order that services be provided to keep the family together and place the child and the child's parent or guardian under the supervision of the social worker for a time period consistent with Section 301."

In July 2021 the Department filed a section 360, subdivision (c), petition.[5]  That petition alleged the disposition had been ineffective because Faizah failed to submit to drug testing on nine occasions from April to July 2021, and "failed to consistently participate in a substance abuse program.  The mother and the child's father . . . have failed to consistently participate in Family Preservation causing Family Preservation services to be terminated.  Further, on 7/23/21 the mother and father refused Family Preservation services.  Remedial services failed to resolve the family's problems in [that] the parents have failed to participate in services to address the mother's substance abuse.  Such failure to comply with Juvenile Court ordered services by the mother and the father endangers the child's physical safety and places the child at risk of serious physical harm, damage and danger."

On September 10, 2021 the jurisdiction and disposition hearings were held.  The juvenile court took notice of the prior sustained section 300 petition, court findings, and orders.  The court sustained the section 360, subdivision (c) petition and declared Lilly a dependent of the court.  The court further ordered that Lilly remain in Pedro's custody under the

---

[5]     Section 360, subdivision (c), provides that "[i]f the family subsequently is unable or unwilling to cooperate with the services being provided, the social worker may file a petition with the juvenile court pursuant to Section 332 alleging that a previous petition has been sustained and that disposition pursuant to subdivision (b) has been ineffective in ameliorating the situation requiring child welfare services.  Upon hearing the petition, the court shall order either that the petition shall be dismissed or that a new disposition hearing shall be held pursuant to subdivision (b)."

Department's supervision with monitored visits with Faizah, ordered reunification services for Faizah, and ordered Faizah to participate in drug treatment, parenting and individual counseling, and drug testing. The court admonished Faizah that she had failed to hold up her end of the bargain by complying voluntarily with drug testing and the case plan.

Three days later Faizah filed the present appeal seeking review of the juvenile court's September 2021 jurisdiction findings and disposition order.

While this appeal was pending, in July 2022 the juvenile court held a review hearing under section 364, terminated jurisdiction, awarded Pedro sole legal and physical custody of Lilly, and ordered Faizah's visits with Lilly to be monitored, with no visit to occur if Faizah was under the influence of drugs or alcohol.[6] Faizah separately appealed from these orders. (*In re Lilly R., supra*, B322321.) In that appeal, Faizah's counsel filed an opening brief pursuant to *In re Phoenix H.* stating there were no arguable issues, and advising Faizah of her opportunity to show that an arguable issue exists. Faizah did not file a response. Because Faizah did not file a supplemental brief, this court dismissed her appeal pursuant to *In re Phoenix H.* (See *In re Cristian I.* (2014) 224 Cal.App.4th 1088, 1096.) That dismissal is now final. (Cal. Rules of Court, rule 8.264(b)(1).)

This court invited the parties to submit letter briefs addressing whether this appeal is moot and whether this court

---

[6]    We take judicial notice pursuant to Evidence Code sections 452, subdivision (d), and 459 of the record in Faizah's appeal from the juvenile court's July 2022 termination of jurisdiction and exit orders. (*In re Lilly R., supra*, B322321.)

7

should exercise its discretion to reach the merits. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 276.) Neither party filed a response.

## DISCUSSION

A. *The Mootness Doctrine in Dependency Appeals*

"A court is tasked with the duty '"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*In re D.P., supra,* 14 Cal.5th at p. 276.) In dependency cases, the reviewing court decides on a case-by-case basis whether subsequent events render a case moot and whether the court's decision would affect the outcome of a subsequent proceeding. (*Ibid.*) A dependency case becomes moot when events "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." (*Ibid.*; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) To show the reviewing court can provide effective relief, the appellant first "must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome [the appellant] seeks." (*In re D.P.*, at p. 276.)

In *In re D.P., supra,* 14 Cal.5th 266, the Supreme Court explained that "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from

8

a change in legal status.  Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Id.* at p. 277.)  Examples of non-moot cases include those where a jurisdiction finding affected parental custody rights, curtailed a parent's contact with his or her child, or resulted in disposition orders that continued to adversely affect a parent.  (*Id.* at pp. 277-278.)  *In re D.P.* further noted that "speculative future harm" is insufficient to avoid mootness.  (*Id.* at p. 278.)  But "when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal," however, "the case is not moot, and merits review is required." (*Id.* at p. 283.)

"When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*In re D.P., supra,* 14 Cal.5th at p. 283; see *id.* at p. 282 [reviewing court has "'inherent discretion'" to reach the merits of an appeal even where the case is moot].)  A reviewing court decides on a case-by-case basis whether to reach the merits of a moot appeal.  (*Id.* at p. 287.)  Generally "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination'" courts may appropriately consider the merits of a moot appeal.  (*Id.* at p. 282.)

Dependency appeals are uniquely prone to mootness, and often "[p]arents may appeal an order that is later changed, or jurisdiction over the child may terminate before an appeal is

9

finally resolved, as in this case." (*In re D.P., supra,* 14 Cal.5th at p. 285.) Accordingly, *In re D.P.* identified several additional factors reviewing courts may consider when deciding whether discretionary review is warranted. (*Id.* at pp. 284-286.) First, whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (*Id.* at p. 285.) Second, "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*In re D.P., supra,* 14 Cal.5th at p. 286; see § 300.2, subd. (a).)

B.    *Faizah's Appeal Is Moot*

As noted above, in this appeal Faizah challenges the September 2021 jurisdiction and disposition orders declaring Lilly a dependent child of the court, removing Lilly from Faizah,

and placing Lilly with Pedro, with monitored visits by Faizah. But her appeal from those orders was rendered moot by the subsequent July 2022 orders terminating jurisdiction and awarding Pedro sole custody of Lilly. Although Faizah appealed from the July 2022 exit orders, her appeal was dismissed under *In re Phoenix H.* and that dismissal is now final. An exit order is a final judgment and is not subject to collateral attack through an appeal from a previous disposition order. (See § 302, subd. (d) ["Any custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall be a final judgment and shall remain in effect after that jurisdiction is terminated."]; see also *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1165 [where the juvenile court terminates its jurisdiction and issues an exit order, "the exit order 'shall be a final judgment and shall remain in effect after [the juvenile court's] jurisdiction is terminated'"].)

Because Faizah's appeal from the exit orders was dismissed and is now final, we do not have jurisdiction to review and change them, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 164; see *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final . . . jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].) Accordingly, even if we were to reverse the September 2021 jurisdiction and disposition orders, that would have no effect on the July 2022 exit orders.

11

In short, because we cannot provide Faizah any effective relief—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status'" (*In re D.P., supra,* 14 Cal.5th at p. 277)—we conclude this appeal is moot.

C.     *Discretionary Review of Faizah's Moot Appeal Is Not Warranted*

Despite our request for additional briefing, Faizah did not submit a response asking us to exercise our discretion to decide this moot appeal on the merits.  Additionally, Faizah's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination.  (See *In re D.P., supra,* 14 Cal.5th at p. 282.)

Further, this is not a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal."  (*In re D.P., supra*, 14 Cal.5th at p. 286.)  Rather, the juvenile court restricted Faizah's custody and visitation rights because she failed to submit to drug testing and comply with court-ordered substance abuse and parenting programs and counseling.  Denying merits review in this case would not "perversely incentivize noncompliance" with a juvenile court's orders.  (*Ibid.*)

Finally, the jurisdiction findings based on Faizah's drug use are not sufficiently "egregious" or "stigmatizing" conduct warranting exercise of our discretion to reach the merits of this moot case.  While dependency jurisdiction by definition necessarily involves conduct harmful to children, our assessment

12

of severity or perniciousness is a relative analysis.  We do not find the jurisdiction findings against Faizah to be based on particularly stigmatizing or pernicious conduct such that our concerns over not insulating erroneous and stigmatizing jurisdiction findings from review would prompt us to review the merits in light of all other factors.  Therefore, on balance the factors the Supreme Court identified in *In re D.P.* do not warrant discretionary review of Faizah's moot appeal.

We note that Faizah is not without a remedy.  Under section 302, subdivision (d), she may seek modification of the exit orders if she can "demonstrate 'there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'" (*In re Rashad D., supra,* 63 Cal.App.5th at p. 165, fn. 7.)

## DISPOSITION

The appeal is dismissed as moot.


MARTINEZ, J.

We concur:


PERLUSS, P. J.


SEGAL, J.